FILED
SUPERIOR COURT
OF GUAM

2021 NOV 15 AM 9: 33

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ESTATE OF CHIA MING SHEN, <br><br> Plaintiff, <br><br> vs. <br><br> JANELA CARRERA and JORELL CARRERA, <br><br> Defendants. | CIVIL CASE NO. CV0453-21 <br><br><br> **DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on August 17, 2021 for a motion hearing on Defendants' Motion to Dismiss. Attorney Frankie Perez was present at the hearing on behalf of Plaintiff, the Estate of Chia Ming Shen ("Plaintiff"). Attorney Gary Gumataotao was also present on behalf of the Defendants Janela Carrera and Jorell Carrera ("Defendants").

Having considered the arguments, pleadings and applicable law, the Court hereby converts the Motion to Dismiss to a Motion for Summary Judgment, and **GRANTS** Summary Judgment in favor of the Defendants.

## BACKGROUND

This case arises out of a dispute over past due rent between the Plaintiff and Defendants (the "Parties"). On June 2, 2021, Plaintiff filed the Complaint alleging that Defendants owe Plaintiff $88,400.00 in past due rent for the period between October 2015 and May 2021.

According to the Complaint, Plaintiff and Defendants entered into a Lease Agreement with Option to Purchase ("Lease") for the residential property ("Property") located at:

> 202 Chalan Pugua Machena
> (Lot No. 63-2, Tract No. 534)
> Dededo, Guam 96929

In exchange for possession of the Property, Plaintiff was to receive monthly rental payments of $1,300 beginning on November 1, 2014. Based on the four year statute of limitations, Plaintiff seeks damages for four years of past due rent, amounting to $62,400.00. Plaintiff also seeks payment of attorney's fees.

The Defendants were served with the Summons and Complaint on June 7, 2021. On June 24, 2021, Defendants filed a Rule 12(b)(6) Motion to Dismiss, or in the alternative a Motion for Summary Judgment. That same day, Defendants also filed a supporting Affidavit of a Mr. Ronald Ponce indicating that a search through records at the Department of Revenue and Taxation did not uncover any valid business license in the name of the Plaintiff or for the Property rental. Plaintiff filed its Opposition and supporting Declaration of John Shen on July 22, 2021, indicating that Plaintiff was working toward obtaining a business license. Defendants filed their Reply on July 23, 2021. Plaintiff then filed a Supplemental Declaration on August 11, 2021.

A motion hearing was held on August 17, 2021, during which Plaintiff presented testimony from witnesses Randall Cunliffe and John Shen. After the hearing, this matter was taken under advisement.

## DISCUSSION

### I.     STANDARD.

Rule 12(b)(6) of the Guam Rules of Civil Procedure allows a defendant to raise a defense for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. Pro.

12(b)(6). "In reviewing such a motion, the court must 'construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor.'" *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12, ¶ 9, *aff'd on reh'g*, 2009 Guam 9. Dismissal is proper if it appears "'beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (citing *Vasques v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *First Hawaiian Bank v. Manley*, 2007 Guam 2, ¶ 9 (citing *Clegg v. Cult Awareness Network, et al.*, 18 F.3d 752, 754-55 (9th Cir.1994)).

However, "a Rule 12(b)(6) motion to dismiss must be converted into a Rule 56 motion for summary judgment whenever 'matters outside the pleadings' are presented to and considered by the court." *Core Tech Int'l Corp. v. Hanil Eng'g & Const. Co.*, 2010 Guam 13, ¶ 29; *Newby v. Gov't of Guam*, 2010 Guam 4, ¶ 14. In a Rule 12(b)(6) motion, "a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies." *Newby*, 2010 Guam 4, ¶ 14 (citing *Mercado Arocho v. United States*, 455 F.Supp.2d 15, 19 (D.P.R.2006). Therefore, if the Court considers matters outside of the pleadings, it must convert the Rule 12(b)(6) motion to one of summary judgment. *Id.* Once a Rule 12(b)(6) motion is converted to a summary judgment motion, "the requirements of Rule 56 become operable and the matter proceeds as would any motion made directly under that rule." *Newby*, 2010 Guam 4, ¶ 19.

Under the Rule 56 motion for summary judgment standard, "a court shall grant summary judgment 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law.'" *Ukau v. Wang*, 2016 Guam 26, ¶ 73. "There is a genuine issue if there is "'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder"; and there is a dispute involving a material fact when that fact "is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit...." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Here, the Court considered matters outside of the pleadings, to include an Affidavit filed by Defendants on June 24, 2021, the Supplemental Declaration of John Shen filed on August 11, 2021, and the testimony submitted by Plaintiff's witnesses Randall Cunliffe and John Shen at the motion hearing held on August 17, 2021. Because the Court considered matters outside the pleadings, the Court hereby converts this Rule 12(b)(6) Motion to Dismiss to one of Summary Judgment and will use the applicable standard.

## II. THE COURT FINDS DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE IS NO DISPUTE THAT PLAINTIFF LACKS A VALID BUSINESS LICENSE.

"Standing is a threshold jurisdictional matter." *Guam Imaging Consultants, Inc. v. Guam Mem'l Hosp. Auth.*, 2004 Guam 15 ¶ 17 (citing *Brewer v. Lewis*, 989 F.2d 1021, 1025 (9th Cir. 1993)). "Standing determines the power of the court to entertain a suit," and "is a jurisdictional question that must be addressed at the threshold of any case." *Brewer*, 989 F.2d at 1025. Thus, the first issue the Court considers is whether Plaintiff has standing to bring this suit. Pursuant to Guam's Business License statute, "[a]ny person engaging in, transacting, conducting, continuing, doing, or carrying on a business on Guam without a business license . . . may not maintain a proceeding in any Court on Guam until it obtains a business license...." 11 GCA §

70131(b). Furthermore, "no person shall engage in, transact, conduct, continue, do, or carry on a business in Guam until it obtains a business license." 11 G.C.A. § 70130(b).

Here, both Plaintiff and Defendant agree that there is currently no business license in place for the rental Property at issue. After a search at the Guam Department of Revenue and Taxation Business License Branch, Defendants contend that there is no record of a valid business license for Plaintiff or any rental of the subject Property from 2013 through 2021. Affidavit (Jun. 24, 2021). In its Opposition, Plaintiff indicated that it is in good faith pursuing a valid business license, thereby admitting that it lacks a current business license. Opp'n (Jul. 22, 2021) p. 2; Ex. A. This is furthered by the Supplemental Declaration of John Shen filed on August 11, 2021, wherein Mr. Shen stated that his "ongoing efforts to obtain a business license" were frustrated by the Defendants. J. Shen Decl.¶ 9 (Aug. 11, 2021). His Declaration essentially admitted that Plaintiff does not yet have a valid business license. *Id.* ¶ 16. At the August motion hearing, Plaintiff also could not provide any evidence that the Estate had a valid business license for the Property from 2013 onward.

Based on the evidence provided by the Parties, the Court finds that there is no genuine issue of material fact and that both Parties agree that Plaintiff does not have a valid business license to rent the Property. The Court further finds no evidence that Plaintiff held a valid business license for the property from 2013 to present. Thus, under Guam's business license statute, Plaintiff is not able to bring this action in the Superior Court. In sum, because Plaintiff does not have a valid business license to lease the Property at issue, it is unable to maintain this proceeding in the Superior Court. The Court therefore grants summary judgment in favor of the Defendants.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** summary judgment in favor of the Defendants.

**IT IS SO ORDERED** NOV 1 5 2021 .

<br>

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

acknowledge
copy of the original was
BERMAN
GUMA TR, 741
Date: _____ Time: 11/15/21
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam